**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| SALVATORE JULIANO SOWELL, | : | Case No. 2:26-cv-299 |
| | : | |
| Plaintiff, | : | District Judge James L. Graham |
| | : | Magistrate Judge S. Courter M. Shimeall |
| vs. | : | |
| | : | |
| THE STATE OF OHIO, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

**REPORT AND RECOMMENDATION**

---

Plaintiff Salvatore J. Sowell, an Ohio inmate proceeding without the assistance of counsel, brings this action against Defendants the State of Ohio, the Franklin County Ohio Sheriff's Administration, the Ohio State University, and the Court of Common Pleas of Franklin County in connection to another case he is litigating. (ECF No. 1-1.) This matter is before the Court on Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1). For the reasons below it is **RECOMMENDED** that Plaintiff's motion be denied.

Congress has restricted a prisoner's right to proceed *in forma pauperis*. According to § 804(d) of the Prison Litigation Reform Act ("PLRA") of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The undersigned has determined that Plaintiff is a "three striker" as contemplated in § 1915(g) due to at least three lawsuits he filed that have been dismissed as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e). *See Sowell v. United States of America*, Case No. 2:23-cv-1683 (*see, e.g.*, ECF Nos. 25, 27); *Sowell v. The Huntington Bank*, Case No. 2:23-cv-4250 (ECF Nos. 6, 10); and *Sowell v. United States of America, et al.*, Case No. 2:25-cv-3 (ECF Nos. 9, 10).

In view of Plaintiff's three "strikes," he may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." "[T]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks and citations omitted). To satisfy this pleading standard, "[a] plaintiff must . . . allege[] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that he was under existing danger at the time he filed his complaint." *Id.* (citing *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)) (internal quotation marks and citations omitted).

With respect to Plaintiff's claims against the Defendants, the undersigned is unable to discern any facts from either Plaintiff's Complaint or his other filings that plausibly allege he meets the statutory exception set forth in § 1915(g). For these reasons, the undersigned makes the following **RECOMMENDATIONS**:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1-1) be **DENIED**.

2. Plaintiff be **ORDERED** to pay the full $405 filing fee ($350 filing fee, plus $55 administrative fee) required to commence this action **WITHIN THIRTY DAYS** of the date of the Court's Order adopting this Report and Recommendation, and that the Court advise Plaintiff that his failure to timely pay the full $405 fee within thirty days will result in the dismissal of this action.

3. The Court **CERTIFY** under 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

**IT IS SO ORDERED.**

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a de novo determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

March 23, 2026                                   /s/ S. Courter M. Shimeall
                                                 S. Courter M. Shimeall
                                                 UNITED STATES MAGISTRATE JUDGE

3